UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICKY PHIPPS, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) Case No. 2:14-cv-14-WTL-WGH |
| | ) |
| DICK BROWN, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Ricky Phipps for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. BTC 13-06-0048. For the reasons explained in this Entry, Phipps' habeas petition must be **denied**.

**Discussion**

A. Standard

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

B. The Disciplinary Hearing

On June 5, 2013, Correctional Lieutenant Noble wrote a Report of Conduct that charged Phipps with class A offenses 111/108, attempting to escape. The Conduct Report states:

> On 6-5-13 at Appr. 12:35 P.M. A Emergency count was called at which time I instructed all offenders to line up on the road in front of the recycling center to be counted. As I was walking down the line conducting my count, I heard four solid objects hit the fence I could hear the ping from the chain link fence and clearly saw the electric wire moving when I turned around to see where the noise came from. As I was walking down the line to address the behavior I seen Offender Phipps DOC #230483 standing in front of the area that the solid object came from and was laughing about the issue. It was later discovered that the solid Object was a rock this action caused me to have to stop during an emergency count and re-count the offenders. I feel that this action taken from this offender was an attempt to trigger the alarm and see what facilities first responders response time was.

By memo dated March 18, 2013, the facility's Custody Supervisor had informed the Disciplinary Hearing Officer that "[a]ny offender caught throwing any type of object into the Stun Fence should be charged with a 111/108-A". The rationale was that such offenders were either trying to disable the fence or trigger alarms to test actions of correctional staff.

On June 11, 2013, Phipps was notified of the charge of class A offenses 111/108, attempt to escape, when he was served with the Conduct Report and the Notice of Disciplinary Hearing (Screening Report). Phipps was notified of his rights, pled not guilty, and requested Offender Kenneth Horton as a lay advocate. He requested to call Mr. T. Damin and Officer W. Wright as witnesses, and he requested as physical evidence the video of the incident.

The hearing officer conducted a disciplinary hearing in BTC 13-06-0048 on June 12, 2013. Mr. Phipps' comment was "There are 60 people standing in line. And I only heard one rock or item hit the fence. I was not laughing about the rock but to someone else. He (Lt. Noble) never observed me throw the rock in his conduct report." T. Damin submitted a written statement: "I had turned around and saw a rock go towards the fence. Hands were in the air. But I did not see who threw it. I told them not to be throwing rocks at the fence." W. Wright submitted a written statement: "I did not see the rock that was thrown or who threw it". Phipps also submitted a written statement with his version of the facts and comments about various correctional officers. The

Screening Office reviewed security video, at the request of Phipps, but determined that "The video is inconclusive due to the incident which happened out of any camera's view."

The hearing officer found Phipps guilty of class A offense 111/108, attempting to escape. The hearing officer explained: "The DHO believes the contents of the conduct report and finds Offender Phipps guilty of a 111/108-A." In making this determination, the hearing officer considered staff reports and the statement of the offender. The hearing officer recommended and approved sanctions including a work assignment change, disciplinary segregation, an earned credit time deprivation of 90 days and an additional 90-day deprivation which was suspended, and a demotion from Credit Class 1 to Credit Class 2. The hearing officer imposed these sanctions due to the seriousness of the offense and the likelihood of the sanctions having a corrective effect on the offender's future behavior.

Phipps's appeals were denied and he filed the present petition for a writ of habeas corpus.

**C. Analysis**

Mr. Phipps challenges the disciplinary action taken against him, arguing that the evidence was insufficient to support the charge against him.

To support a disciplinary conviction, due process requires only that the Hearing Officer's decision be supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003). The "some evidence" test is satisfied by "any evidence in the record that could support the conclusion reached by the disciplinary board," even if "no direct evidence" exists. *Hill,* 472 U.S. at 455-57. Although the evidence before the hearing officer must "point to the accused's guilt," *Lenea v. Lane,* 882 F.2d 1171, 1175 (7th Cir. 1989), the standard of some evidence "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary

board." *Hill*, 472 U.S. at 457. The determination should be upheld if "there is any evidence in the record that could support the conclusion reached." *Id*. Even "meager" proof will suffice so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id*. A federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994).

Here, the evidence was sufficient to support Mr. Phipps's disciplinary conviction. A conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence. *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). The Conduct Report states:

> On 6-5-13 at Appr. 12:35 P.M. A Emergency count was called at which time I instructed all offenders to line up on the road in front of the recycling center to be counted. As I was walking down the line conducting my count, I heard four solid objects hit the fence I could hear the ping from the chain link fence and clearly saw the electric wire moving when I turned around to see where the noise came from. As I was walking down the line to address the behavior I seen Offender Phipps DOC #230483 standing in front of the area that the solid object came from and was laughing about the issue. It was later discovered that the solid Object was a rock this action caused me to have to stop during an emergency count and re-count the offenders. I feel that this action taken from this offender was an attempt to trigger the alarm and see what facilities first responders response time was.

Phipps admitted at the disciplinary hearing that he was laughing. He also admitted that he was standing in the vicinity of where the rock was thrown in his appeal to the Facility Head. Lieutenant Noble reasonably concluded that Phipps threw a rock at the fence.

To the extent that Phipps argues that he should have been charged with a different offense, a set of facts can support more than one type of offense; choosing one offense over another does not constitute a due process violation. *See Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003)

(the reviewing authority's modification of a charge, from conspiracy and bribery to attempted trafficking, did not deprive inmate of his due process rights, because the factual basis was the same). Although Phipps may have also been guilty of interfering with the taking of count, Class C offense 352, the evidence is constitutionally sufficient to support the decision of the hearing officer, finding Phipps guilty of attempting to escape.

To the extent that Phipps argues that he was not permitted to review the video evidence, due process does require that an inmate be given the opportunity to call witnesses and present documentary evidence in his defense. *Wolff*, 418 U.S. at 566. But the Screening Office reviewed the video and reported that it was inconclusive because the incident took place outside the view of the camera. Therefore, the failure to present the video at the hearing did not violate due process because the recording is not exculpatory and a written report of the content of the recording was shown to Phipps. *See Estrada v. Holinka*, 420 F. App'x 602, 604 (7th Cir. 2011) (citing *Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Brown's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 10/30/15

Distribution:

Ricky Phipps
DOC # 230483
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

All electronically registered counsel